UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:10-cv-81489

RIVER OAKS OF PALM BEACH
HOMEOWNER'S ASSOCIATION, INC.,

    Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, ASPEN SPECIALTY INSURANCE COMPANY, (hereinafter "ASPEN SPECIALTY") hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida, from the Fifteenth Judicial Circuit Court where the action is now pending, as provided by 28 U.S.C. §1332, §1441, and §1446 and states:

**INTRODUCTION**

1. This cause was commenced and is now pending in the Fifteenth Judicial Circuit Court, in and for Palm Beach County, Florida.

2. This action was commenced in said court on or about October 21, 2010, by the filing of a Complaint, a true copy of which is attached hereto and marked as **Exhibit "A"**, said action being entitled "RIVER OAKS OF PALM BEACH HOMEOWNERS ASSOCIATION, INC. v. ASPEN SPECIALTY INSURANCE COMPANY", Case No. 50 2010 CA026761XXXXMB.

3. Plaintiff alleges that Defendant has breached the contract by refusing "to pay Plaintiff's estimates of damages" regarding a claim for wind damage as a result of Hurricane Wilma. (*See* Complaint ¶7). Defendant issued a policy of insurance to the Plaintiff. (*See* Complaint ¶4). In addition, Plaintiff is seeking a Petition to Compel Appraisal and a Request for Declaratory Relief.

4. Summons was issued from the Circuit Court on or about October 21, 2010, to the Defendant. A copy of same is attached hereto and marked as **Exhibit "B"**.

5. The Summons was served upon the Defendant through the office of the Florida Department of Financial Services on November 2, 2010. A copy of the Notice of Service from the office of the Florida Department of Financial Services is attached hereto and marked as **Exhibit "C"**.

6. The Complaint is the initial pleading setting forth the claim upon which the action is based and Defendant was electronically sent the Complaint in the above matter on November 2, 2010. A responsive pleading is therefore due on November 22, 1010.

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (a)(2) and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between a Florida corporation (Plaintiff) and a foreign corporation (Defendant). The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP EXISTS

8. The Complaint alleges that Plaintiff is a homeowners association organized and existing under the laws of the State of Florida with its principal place of business in Palm Beach County, Florida. (*See* Complaint ¶ 2). Moreover, upon information and belief, Plaintiff is and was at the commencement of this action a citizen of the State of Florida. *Lewis v. AT & T Corp.*,

898 F. Supp. 907 (S.D. Fla. 1995) (diversity of citizenship may be established by an unrebutted allegation of plaintiff's citizenship in the defendant's notice of removal); *Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978)("Allegations in the defendant's petition for removal, if not contradicted by the allegations of the Amended Complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's Amended Complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of a case by the defendant."). Furthermore, see Plaintiff's 2010 Annual Report filed with the Secretary of State of Florida on January 7, 2010, attached hereto as **Exhibit "D").**

9. At the time of the commencement of this action and at all times since, Aspen Specialty has been and still is a citizen of the State of North Dakota, its state of domicile, and of Massachusetts, the state in which it has its principal place of business. Defendant is not currently a citizen of Florida, nor was it at the time of the institution of this action.

10. Thus, there is complete diversity of citizenship between the Plaintiff and the Defendant.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11. The Complaint fails to request a specific dollar amount for the claimed damages. In this circumstance, the law does not place upon the defendant "the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Rather, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See id.* at 1357; *Williams v. Best Buy*

*Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346 (M.D. Fla. 2001). The jurisdictional amount may be "facially apparent" from the complaint itself. *See Williams*, 269 F.2d at 1319.

12. As evidence that the amount in controversy exceeds $75,000.00, attached as **Exhibit "E"** is the Plaintiff's Sworn Statement in Proof of Loss faxed to Defendant on September 21, 2010 stating that the amount of damage claimed under the subject policy is $6,884,377.54 (after subtraction of the deductible).

13. Furthermore, attached as **Exhibit "F"** is an excerpt from the estimate prepared by the Plaintiff's public adjuster with United States Adjusters on June 22, 2010, for damages alleged to be due to Hurricane Wilma in the amount of $7,507,086.24 (not including the deductible).

14. Aspen Specialty contends that no monies are owed for Plaintiff's claim.

15. Thus, the amount in controversy exceeds $75,000.00.

## VENUE

16. Venue exists in the United States District Court for the Southern District of Florida because it embraces the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1441(a).

## TIMELINESS

17. This action was commenced on October 21, 2010. Defendant received notice of the Complaint on November 2, 2010. Therefore, this removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within 30 days of the Defendant's receipt of a copy of the initial pleading, and within one year of commencement of this action. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

## CONSENT TO REMOVAL

18.  ASPEN SPECIALTY INSURANCE COMPANY is the only Defendant. Therefore, no other entity need consent to removal.

## WRITTEN NOTICE TO ALL PARTIES AND FILING IN STATE COURT

19.  A true and correct copy of this Notice of Removal is being delivered to each party through counsel. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida as required by 28 U.S.C. §1446 (d).

WHEREFORE, the Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: November 17, 2010

Respectfully submitted,

_____
Michaela D. Scheihing, Esquire
Florida Bar Number 0931853
mscheihing@boehmbrown.com
Michael B. Germain, Esquire
Florida Bar Number 0667013
mgermain@boehmbrown.com
Boehm, Brown, Fischer, Harwood,
Kelly & Scheihing, P.A.
113 Executive Circle
Daytona Beach, Florida 32114
(386) 258-3341; (386) 258-0252 - Facsimile
Attorney for Defendant Aspen Specialty Insurance Company

5

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of November, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

_____
Michaela D. Scheihing

## SERVICE LIST
### River Oaks of Palm Beach Homeowner's Association, Inc.,
vs.
### Aspen Specialty Insurance Company
### Case No. : 9:10-cv-81489
### United States District Court, Southern District of Florida

Shaun J. Marker, Esquire
smarker@merlinlawgroup.com
Florida Bar Number 0017378
The Merlin Law Group
777 South Flagler Drive
Suite 800 –West Tower
West Palm Beach, FL 33401
(561) 515-6025 – Telephone
(561) 515-6011 – Facsimile
Attorney for Plaintiff
**[VIA US MAIL AND FACSIMILE]**

Michaela D. Scheihing, Esquire
mscheihing@boehmbrown.com
Florida Bar Number 0931853
Boehm, Brown, Fischer, Harwood
   Kelly & Scheihing, P.A.
113 Executive Circle
Daytona Beach, Florida 32114
(386) 258-3341 - Telephone
(386) 258-0252 – Facsimile
Attorney for Defendant
**[Via CM/ECF]**

Michael B. Germain, Esquire
mgermain@boehmbrown.com
Florida Bar Number 0667013
Boehm, Brown, Fischer, Harwood
   Kelly & Scheihing, P.A.
113 Executive Circle
Daytona Beach, Florida 32114
(386) 258-3341 - Telephone
(386) 258-0252 – Facsimile
Attorney for Defendant
**[Via CM/ECF]**